445 S.E.2d 165

**In the Matter of AN INVESTIGATION OF the WEST VIRGINIA STATE POLICE CRIME LABORATORY, SEROLOGY DIVISION.**

No. 21973.

Supreme Court of Appeals of West Virginia.

Report Submitted March 3, 1994.

Opinion Decided May 20, 1994.

See also, 438 S.E.2d 501.

Alexander Ross, Sp. Pros. Atty.

George Castelle, Chief Public Defender of Kanawha County.

MILLER, Justice:

In this opinion, we resolve a remaining issue in our investigation of the West Virginia State Police Crime Laboratory, namely whether serologists employed by the Department of Public Safety, other than Fred S. Zain, falsified evidence in criminal prosecutions. *See In the Matter of an Investigation of the West Virginia State Police Crime Laboratory, Serology Division,* 190 W.Va. 321, 438 S.E.2d 501 (1993) (*Zain I*). We adopt the report of the special judge and conclude that there was no evidence of a pattern or practice of intentional misconduct which would warrant systematic review of those cases in which persons were convicted upon the evidence of these officers.

A brief history of the prior proceedings is as follows. In June of 1993, we appointed the Honorable James O. Holliday, a retired circuit judge, to supervise an investigation of the Serology Division of the State Police Crime Laboratory. This action was brought about by allegations that Trooper Zain, a former serologist with the Division of Public Safety, gave false testimony in criminal prosecutions. In November 1993, following testimony by Trooper Zain's co-workers and an extensive analysis of the records of the Serology Division by the American Society of Crime Laboratory Directors (ASCLD), Judge Holliday filed a report with this Court. In essence, Judge Holliday found that Trooper Zain intentionally and systematically gave inaccurate, invalid, or false testimony or reports in criminal prosecutions. Judge Holliday concluded that Trooper Zain's pattern and practice of misconduct was so egregious that it should be considered newly discovered evidence in any criminal prosecution in which Trooper Zain offered evidence.

In *Zain I,* we adopted Judge Holliday's findings and conclusions. We also adopted his recommendation that in any proceeding for post-conviction habeas corpus relief filed as a result of the investigation, any evidence offered by Trooper Zain at trial would be presumed to be tainted, leaving only the issue of whether the remaining evidence at trial would have been sufficient to support the conviction.

Following the revelation of Trooper Zain's misconduct, the ASCLD team was asked to analyze the work and testimony of other serologists at the State Police Crime Laboratory to ascertain whether any of them com-

**226**

mitted similar acts. Based on the ASCLD inquiry, Judge Holliday filed a report with this Court on March 3, 1994. Judge Holliday found some evidence of errors by other serologists, but concluded that unlike the irregularities found in cases in which Trooper Zain was involved, these errors were "relatively minor."[1] Moreover, Judge Holliday concluded that such errors appeared to have been only occasional and not the result of an intentional and systematic subversion of the criminal justice process. They also did not appear to have "significantly compromised the prosecutions of the cases in which these other serologists were involved."[2] In light of these findings, Judge Holliday recommended that the investigation be closed.

█ In Syllabus Point 1 of *Zain I*, we reiterated the rule with regard to a new trial on grounds of newly discovered evidence:

" ' " ' 'A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that [defendant] was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.' Syllabus, *State v. Frazier*, 162 W.Va. [9]35, 253 S.E.2d 534 (1979), *quoting*, Syl. pt. 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894)." Syl. pt. 1, *State v. King*, 173 W.Va. 164, 313 S.E.2d 440 (1984).' Syllabus Point 1, *State v. O'Donnell*, 189 W.Va. 628, 433 S.E.2d 566 (1993)."

As our previous opinion indicated, Trooper Zain's misconduct was insidious and extensive. In the opinion, we concluded that his "pattern and practice of misconduct completely undermined the validity and reliability of any forensic work he performed or reported[.]" 190 W.Va. at 325, 438 S.E.2d at 504. We also noted: "The matters brought before this Court by Judge Holliday are shocking and represent egregious violations of the right of a defendant to a fair trial. They stain our judicial system and mock the ideal of justice under law." 190 W.Va. at 330, 438 S.E.2d at 508.

█ Here, there was no showing that any state police serologist other than Trooper Zain engaged in any regular practice of falsifying or misrepresenting scientific results in his or her testimony. More importantly, Judge Holliday concluded that even if the evidence given by the other serologists were inaccurate or invalid, it was not sufficiently prejudicial to affect the outcome of the trial. In Syllabus Point 2 of *Zain I*, *supra*, this Court held:

---

1. Judge Holliday relied on the following excerpt from the ASCLD team report:

" 'Occasional errors were noted in reporting of analytical findings, and some of the results recorded on the worksheets were not confirmed to be present in the submitted data sheets. At least some of these apparent discrepancies may be due to missing data sheets, especially with the earlier cases; the use of cryptic nomenclature, making it difficult to associate a data sheet entry with the corresponding evidence item; or poor copy quality, rendering some entries illegible.' " (Footnote omitted).

The ASCLD team's observations as to the minor character of these errors were confirmed by their review of the other serologists' trial testimony, which was consistent with the reports in which these errors occurred.

2. The ASCLD team specifically noted in its report that:

" 'No instance was found ... where an item of evidence listed in the worksheets or reported as analyzed was confirmed to be totally absent from the data sheets. No pattern was observed in the missing or incorrectly transcribed data. Furthermore, *no instance was found in which an error or omission was likely to have had a significant impact on the conclusion, nor the weight given to the conclusion, on an apparently probative item of evidence.* [Emphasis added].' "

"Although it is a violation of due process for the State to convict a defendant based on false evidence, such conviction will not be set aside unless it is shown that the false evidence had a material effect on the jury verdict."

We agree with Judge Holliday's conclusion that there is no indication that the occasional errors of relative insignificance committed by these officers affected, to any discernible degree, the prosecutions of the cases in which they gave evidence. Consequently, the most important element of the factors required for the award of a new trial is not present here.

We also concur with Judge Holliday's findings and conclusions with regard to Trooper Zain's fellow serologists. Consequently, we conclude that serology reports prepared by employees of the Serology Division of the West Virginia State Police Crime Laboratory, other than Trooper Zain, are not subject to the invalidation and other strictures contained in *Zain I*.

Our adoption of Judge Holliday's report does not preclude prisoners against whom these serologists offered evidence from seeking review of their convictions under the post-conviction habeas corpus statute, W.Va. Code, 53–4A–1, *et seq.* We hold only that evidence from such other employees of the Serology Division does not warrant the presumption of invalidity and the systematic review awarded in those cases in which Trooper Zain himself presented evidence. A prisoner who wishes to challenge his or her conviction will have to prove that in his or her case the other serologist offered false evidence, in addition to proving the five factors set out in Syllabus Point 1 of *Zain I*.

For the reasons stated, we adopt Judge Holliday's report and declare the investigation of the Serology Division of the West Virginia State Police Crime Laboratory to be closed, with one exception.[3]

Report adopted; investigation closed.

---

3. In addition to directing a systematic review of cases in which Trooper Zain was involved, we also directed "the Superintendent of the Division of Public Safety to file with the Clerk of this Court a report outlining the steps that are to be taken to obtain certification of the State Police forensic laboratory by the American Society of Crime Laboratory Directors." 190 W.Va. at 330, 438 S.E.2d at 508. On November 24, 1993, Colonel Thomas L. Kirk, Superintendent of the Division of Public Safety, filed a report detailing efforts to secure ASCLD accreditation. On December 2, 1993, this Court accepted the report, but delayed final approval pending a decision on ASCLD accreditation. We are advised that the accreditation process is still continuing. We request that a status report be submitted to this Court by June 24, 1994.